# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISON

| | |
|---|---|
| TRACY AVIS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| JAIPUR LIVING, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Tracy Avis, by and through her undersigned counsel, and files this her Complaint for Damages against Defendant Jaipur Living, Inc. ("Defendant") stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination and retaliation in violation of the Equal Pay Act ("EPA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

1

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Mitesh Patel, 4045 Orchard Road, Bldg. 400, Atlanta, Georgia 30080.

## FACTUAL ALLEGATIONS

7.

Plaintiff began her employment with Defendant on May 1, 2017 as a Sales

Support Representative in National Sales and was paid an hourly rate which computed to $47,000 in 2017. With the addition of payment of overtime hours, Plaintiff's total compensation in 2017 was approximately $55,000.

8.

In March 2018, I was promoted to National Account Sales Representative and paid an annual salary of $55,000.

9.

In March 2019 Plaintiff's account load doubled when Sarah Slama was hired. Plaintiff was given a 3% raise to $57,500.

10.

On or about January 9, 2020, Glen Giordano, Director of National Sales and my supervisor, hired Peter Tischner. Tischner was given the same title I held and assigned half of the accounts assigned to me.

11.

Without any justification, Plaintiff was demoted to the position of Account Manager, Inside Sales.

12.

Plaintiff later learned that Tischner was paid an annual salary of $90,000, nearly double what Plaintiff had been paid for the same job title, duties, and

responsibilities. Tischner was also given bonuses for bringing in new business, for which Plaintiff was not compensated.

13.

On May 4, 2021, Plaintiff was terminated.

## CLAIMS FOR RELIEF

## COUNT I:
## EQUAL PAY ACT VIOLATION

14.

Plaintiff re-alleges paragraphs 1-12, as if set forth fully herein.

15.

Plaintiff is a female and, therefore, a member of a protected class.

16.

At all times relevant, Defendant has been an employer subject to the EPA.

17.

Plaintiff performed work requiring equal skill, effort, and responsibility under similar working conditions as any male National Account Sales Representatives.

18.

Plaintiff was paid less than other National Account Sales Representatives, namely Peter Tischner.

19.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected sex class. Any alleged non-discriminatory reason given by Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

20.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were reckless and undertaken in bad faith.

22.

Plaintiff is entitled to liquidated damages on her EPA claim.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's unlawful conduct on Plaintiff's EPA claim;

(b)  Damages for lost wages and benefits and prejudgment interest thereon on all claims;

(c)  Liquidated damages on Plaintiff's EPA claims;

(d)     Reasonable attorneys' fees and expenses of litigation on all claims;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law on all claims;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights on all claims;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof on all claims, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted, this 12th day of March 2021.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
*Attorney for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
iesmith@justiceatwork.com